Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| GLORIMAR ROSARIO DELGADO<br><br>Parte Apelada<br><br>v.<br><br>CLEMENTE VEGA DUEÑAS<br><br>Parte Apelante | TA2025AP00536 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Núm.<br>B AC2014-0086<br><br>Sobre:<br>División de Comunidad |
|---|---|---|

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de febrero de 2026.

Comparece ante nosotros, el Sr. Clemente Vega Dueñas (señor Vega) mediante recurso de apelación. Solicita la revocación de una porción de la *Sentencia* emitida el 10 de septiembre de 2025 y notificada el 15 de septiembre de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Aibonito.[1] En lo específico nos solicita que revoquemos la concesión de $25,000.00 que le fueron otorgados a la Sra. Glorimar Rosario Delgado (señora Rosario) al amparo de la doctrina de enriquecimiento injusto, por su labor y trabajo no remunerado en el Supermercado Reparto Robles Inc.

Examinados los escritos a la luz del derecho aplicable y por los fundamentos que expondremos a continuación, se *modifica* y, así modificada, se *confirma* la *Sentencia* apelada.

**I.**

El 4 de enero de 2014, la señora Rosario Delgado incoó una *Demanda* contra el señor Vega Dueñas, sobre liquidación de la

---

[1] *Sentencia*, SUMAC-TA en el recurso TA2025AP00655, entrada 1, apéndice 2.

comunidad de bienes producto de una convivencia de hecho, y daños y perjuicio. En síntesis, alegó que convivió con el señor Vega una relación concubinaria y que adquirieron varios bienes en común *proindiviso*. El 9 de abril de 2015, enmendó la demanda para añadir los años de convivencia con el señor Vega y alegaciones de maltrato.[2] Así las cosas, el señor Vega presentó las correspondientes contestaciones y reconvino.[3]

Luego de varios trámites procesales que resultan innecesarios pormenorizar, el señor Vega presentó una *Solicitud de Sentencia Sumaria* y la señora Rosario la correspondiente oposición. El 22 de abril de 2022, el foro primario denegó la solicitud de sentencia sumaria. Mediante este pronunciamiento interlocutorio, el TPI entendió que persistían controversias que ameritaban la celebración de un juicio. Empero, realizó las siguientes determinaciones de hechos, que luego fueron incorporadas a la Sentencia[4] que nos ocupa:

1) Las partes sostuvieron una relación -al menos consensual- por un tiempo indeterminado el cual culminó en el año 2012 y producto de esa relación procrearon un hijo (A.C.V.R.) el 12 de abril de 2000.

2) La demandante **trabajó en el Supermercado Robles durante un término indeterminado**.

3) La demandante fue incapacitada en algún momento por la Administración del Seguro Social.

4) Durante el tiempo indeterminado de la relación -al menos consensual- entre las partes, se adquirieron los siguientes bienes inmuebles donde el demandado comparece y la parte demandante no comparece a la otorgación de la [*sic*] correspondiente escritura[:]

- Inmueble ubicado en el Sector El Campito, Calle Margarita Fuentes #1 Aibonito, PR

---

[2] *Demanda Enmendada, Íd.*, entrada 1, apéndice 6
[3] *Contestación a la Demanda Enmendada, Íd.*, apéndice 5; *Segunda Contestación a la Demanda Enmendada, Íd.*, apéndice 8.
[4] *Sentencia, Íd.*, apéndice 2.

(adquirido por la Escritura Núm. 498 de 21 de mayo de 2005 ante el notario público Rafael Bras Benítez).

- Inmueble ubicado en la Extensión Las Mercedes, Aibonito, PR (adquirido mediante la Escritura Núm. 176 del 1 de diciembre de 2010 ante el notario público José Rafael Santini Bonilla).

- Inmueble ubicado en el Sector Saturnino, Barrio Llanos, Aibonito, PR (adquirido por la Escritura Núm.7 de 28 de agosto de 2001 ante el notario público José Agustín de la Texera Barnés).

- Inmueble ubicado en Barrio Robles y Caonillas, Sector La Pangola, Aibonito, PR (adquirido mediante Escritura Núm. 276 del 15 de agosto de 2011 ante notario público Antonio I. Corretjer Maldonado).

5)  Durante el tiempo indeterminado de la relación - al menos consensual- entre las partes se adquirieron los siguientes bienes inmuebles donde la demandante comparece y la parte demandada no comparece a la otorgación de la correspondiente escritura:

- Inmueble ubicado en Urb. Colinas de San Francisco situada en Barrio Llanos de Aibonito, PR (adquirido mediante Escritura Núm. 19 de 14 de febrero de 2003 ante el notario público José Bolivar Aponte Colón).

6)  La parte demandada tuvo una póliza de seguro con National Insurance Company, número 64226 a favor de la parte demandante; por su parte la parte demandante tuvo una póliza de seguro con Triple S Vida número 109-2114-007 a nombre de la parte demandada.[5]

Luego de la celebración del juicio, el TPI emitió la correspondiente *Sentencia* el 10 de septiembre de 2025, la cual fue notificada el 15 de septiembre del 2025. Mediante esta, plasmó un sinnúmero de determinaciones de hechos, de los cuales mencionaremos los relevantes a la controversia ante nuestra consideración:

---

[5] *Íd.* (Énfasis suplido).

#9 – GRD trabajó en el Supermercado Reparto Robles unos 2 años **bajo la supervisión de Clemente Vega Rodríguez**.

#13 – La estructura del Supermercado Reparto Robles, Inc., **pertenecía a Clemente Vega Rodríguez y Ermina Dueñas**. Esta estructura tiene 2 plantas, arriba era el almacén y abajo operaba el colmado.

#14 – **Clemente Vega Rodríguez administraba el supermercado junto a su esposa Ermina Dueñas**.

#15 – En 2000[,] Clemente Vega Rodríguez se retiró y se fue a vivir a Estados Unidos[,] **dejando el Supermercado bajo la administración de Ermina Dueñas y CVD**.

#17 – Una vez se retiró Clemente Vega Rodríguez, **Ermina Dueñas iba y ven[í]a y administraba el supermercado**.

#18 – El Supermercado Reparto Robles, Inc., era una corporación. Este negocio cesó operaciones en 2017. El Presidente de la corporación era Clemente Vega Rodríguez y la Vicepresidenta era Ermina Dueñas.

#19 – Clemente Vega Rodríguez *no le cedió el negocio o la administración del mismo a GRD cuando se retiró*.

#26 – Una vez se retiró[,] Clemente Vega Rodríguez, **GRD comenzó a realizar más tareas en el Supermercado, tales como supervisar empleados, hacer compras, firma de cheques, recibía y cotejaba el inventario**.

#41 – GRD está incapacitada por el Seguro Social desde 2009.

#52 – GRD recibió W2 del Supermercado Reparto Robles entre los años 2000 al 2009. Sus ingresos fueron: año 2000 -$3,290; 2002 - $9,027.10; 2003 - $3,118.27; 2005 -$8,347.13; 2007 - $11,631.00; 2008 -12,878.00; 2009 -$11.065.00 refleja ingresos brutos.[6]

Entonces, mediante el dictamen apelado, el foro primario determinó, entre otros, que declaraba con lugar a la *Demanda* y ordenó al señor Vega pagar $25,000.00 a la señora Rosario por concepto de enriquecimiento injusto. Específicamente, el TPI justificó la imposición de esta partida como un acto justiciero para evitar el enriquecimiento injusto, reconociendo el valor de los

---

[6] *Íd.* (Énfasis suplido).

servicios aportados por la señora Rosario mientras trabajaba en el supermercado haciendo todas las tareas de administración sin remuneración alguna.

Inconforme, el 24 de septiembre de 2026, el señor Vega Dueñas presentó una *Solicitud de Enmienda a Determinaciones de Hechos y Moción de Reconsideración.*[7] A raíz de esto, el foro apelado emitió una *Sentencia Nunc Pro Tunc* mediante la cual acogió la solicitud de revisión de algunas determinaciones de hechos, pero declaró no ha lugar la eliminación de los $25,000 concedidos.[8]

Insatisfecho aún, el apelante presentó el recurso de epígrafe el 11 de noviembre de 2025 y señaló que el TPI cometió los siguientes errores:[9]

> Erró el TPI al declarar no ha lugar la reconsideración instada por el apelante, a pesar de que surge de las determinaciones de hechos que el Supermercado Reparto Robles era una corporación y sus dueños eran los señores Clemente Vega Rodríguez y Ermina Dueñas, y [e]stos eran quienes administraron el supermercado perteneciente a [e]stos, por lo que cualquier salario que la apelada hubiera dejado de percibir por trabajo realizado por esta, el reclamo debió ser dirigido contra la entidad corporativa.

> Erró el TPI al imponerle al apelante el pago de la suma de $25,000.00 bajo la doctrina de enriquecimiento injusto, a pesar de que surge de las determinaciones de hechos que la demandante era empleada de la entidad jurídica Supermercado Reparto Robles, Inc., y que dicha corporación pertenecía a Clemente Vega Rodríguez, por lo que cualquier esfuerzo y/o trabajo realizad[o] por esta fue para beneficio de dicha corporación, por lo que el apelante no se enriqueció.

> Erró el TPI al concluir que la apelada trabajó en el supermercado haciendo todas las tareas de administración sin [remuneración] alguna con la anuencia del apelante, concluyendo que esta aportó labor y esfuerzo mientras trabajó en el Supermercado Reparto Robles, Inc., para así concederle la suma de $25 mil dólares como compensación, a pesar de que en las determinaciones de hechos surge que el supermercado era una corporación, y era administrado por Clemente Vega Rodríguez (presidente) y Ermina Dueñas (vicepresidenta)" e incluso la prueba documental admitida en evidencia evidenció que el

---

[7] *Solicitud de Enmienda a Determinaciones de Hechos y Moción de Reconsideración, Íd.*, apéndice 3.

[8] *Sentencia nunc pro tunc, Íd.*, apéndice 4.

[9] *Escrito de Apelación, Íd.*

apelante era empleado del Supermercado Reparto Robles, Inc., por lo que [e]ste no se enriqueció de las alegadas labores de administración realizada por la apelada.

Erró el TPI al concluir que la demandante trabajó en el Supermercado Reparto Robles, Inc., hasta el final de la relación ocurrida en el año 2012 en todo lo relacionado con las operaciones de dicho negocio a pesar de que la prueba documental presentada y admitida en evidencia demostró que est[a] dejó de trabajar allá para el año 2009, y que esta comenzó a recibir los beneficios del seguro social retroactivo al año 2009 y así consta en las determinaciones de hechos núm. 41 y 52.

Erró el TPI al obviar que cualquier trabajo y/o esfuerzo realizado por la demandante en la entidad jurídica Supermercado Reparto Robles, Inc., fue realizado para beneficio de la corporación, por lo que cualquier compensación por haber [*sic*] laborado hasta el 2012 sin compensación para así evitar un enriquecimiento injusto debía ser renumerado y/o pagado por la corporación, y surge de los autos que a pesar de que la demanda fue instada en el año 2014 y se presentó demanda enmendada en el 2015 la parte demandante no trajo como parte demandada a la corporación para reclamar salarios no percibidos.

F. Erró el TPI al no imponerle honorarios de abogado por temeridad a la apelada.

El 30 de diciembre de 2025, la señora Rosario Delgado presentó su oposición a la apelación.[10] En síntesis, arguyó que procedía la defensa del enriquecimiento injusto porque los dueños del Supermercado no administraban su corporación; al contrario, esto recayó sobre la apelada y el señor Vega Dueñas. Asimismo, adujo que la corporación operaba de manera contraria a la ley.

**II.**

**A.**

Una reclamación bajo la doctrina de enriquecimiento injusto únicamente es procedente cuando el ordenamiento no viabiliza otra causa de acción para atender lo disputado; por ello, esta figura jurídica se rige por los principios de equidad.[11] Este precepto es

---

[10] *Oposición a [la] Apelación, Íd.*, entrada 5.
[11] *Sánchez v. S.L.G. Valentín*, 186 DPR 503, 516 (2012); *Mun. Quebradillas v. Corp. Salud Lares*, 180 DPR 1003, 1019 (2011); *E.L.A. v. Cole Vázquez*, 164 DPR 608, 632 (2005); *Ortiz Andujar v. E.L.A.*, 122 DPR 817 (1988).

aplicable en situaciones para las cuales "la ley no ha previsto una situación en la que se produce un desplazamiento patrimonial que no encuentra una explicación razonable en el ordenamiento vigente".[12]

Para emplear esta figura jurídica, han de coincidir los requisitos siguientes: (1) la existencia de un enriquecimiento; (2) la presencia de un empobrecimiento correlativo; (3) un vínculo entre ese empobrecimiento y enriquecimiento; (4) una falta de causa que sustente el enriquecimiento, y (5) la inexistencia de un precepto legal que exceptúe la aplicación del enriquecimiento sin causa.[13] Además, el enriquecimiento sin causa puede operar en dos maneras: el lucro positivo (aumento patrimonial) o negativo (disminución patrimonial).[14] Sobre esto, nuestro más Alto Foro ha ilustrado que:

> Cuando hablamos de enriquecimiento injusto negativo (*damnun cessans*) o a la inversa nos referimos al caso en el que un *no gasto* equivale a un ingreso. En otras palabras, en la medida en que alguien sufre una pérdida que ordinariamente debería padecer otro, el primero le ahorra un gasto al segundo. Esta situación no tiene cabida en un sistema donde impera lo justo y debe ser remediada.[15]

**B.**

La Regla 16.1 de las de Procedimiento Civil establece que las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda.[16] Una parte indispensable es aquella de la cual no se puede prescindir y cuyo interés en la controversia de que trate es de tal magnitud que no puede dictarse un decreto final entre las otras partes sin lesionar y

---

[12] *E.L.A. v. Cole Vázquez*, 164 DPR 608, 632 (2005), citando a *Ortiz Andujar v. E.L.A*, supra, pág. 822.

[13] *Sánchez v. S.L.G. Valentín*, supra, pág. 516; *Mun. Quebradillas v. Corp. Salud Lares*, supra, págs. 1019-1020; *E.L.A. v. Cole Vázquez*, supra, pág. 633; *Ortiz Andujar v. E.L.A.*, supra, pág. 823.

[14] *Mun. Quebradillas v. Corp. Salud Lares*, supra, pág. 1020; *E.L.A. v. Cole Vázquez*, supra, pág. 634.

[15] *Íd.*

[16] 32 LPRA Ap. V, R. 16.1.

afectar radicalmente sus derechos.[17] La jurisprudencia ha precisado que la omisión de una parte indispensable, aunque podría ser motivo para desestimar el pleito, no constituye impedimento para que el tribunal pueda conceder la oportunidad de traer a la parte originalmente omitida, siempre y cuando el tribunal pueda adquirir jurisdicción sobre la misma. Sobre ese particular, el tratadista Rafael Hernández Colón afirma que, antes de desestimar por la falta de una parte indispensable, el tribunal debe concederle al demandante la oportunidad de añadirla al pleito si tiene jurisdicción sobre la misma.[18] En caso de que se le ordene la acumulación y esta no se lleve a cabo, se debe desestimar la causa de acción.

### III.

De umbral, haremos un resumen de lo resuelto por el foro primario en la *Sentencia Nunc Pro Tunc.* En el dictamen concluyó que de la prueba presentada y creída nunca existió un pacto expreso o implícito sobre comunidad de bienes alguna entre la señora Rosario y el señor Vega. Determinó que los bienes del señor Vega eran privativos y que fueron adquiridos por rentas e inversiones sin necesidad de aportaciones por parte de la señora Rosario. En cuanto al bien inmueble ubicado en la calle Margarita Fuentes, en Aibonito, ordenó a la señora Rosario desalojarlo y a pagar al señor Vega la cantidad de $4,200.00 en concepto de canon de arrendamiento.

Por último, concluyó que la señora Rosario trabajó en el Supermercado Reparto Roble Inc. hasta el final de la relación con el señor Vega. Ante esto indicó y citamos "*…en un acto justiciero para evitar el enriquecimiento injusto, este tribunal reconoce el valor de los servicios aportados por la Glorimar Rosario Delgado mientras trabajaba en el supermercado haciendo todas las tareas de*

---

[17] *FCPR v. ELA et al.,* 211 DPR 521, 530-531 (2023).
[18] R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 4ta ed., San Juan, LexisNexis, 2007, pág. 141.

*administración sin remuneración alguna...".* Ante este pronunciamiento, ordenó al señor Vega a resarcir a la señora Rosario por la cantidad $25,000.

Inconforme el señor Vega Dueñas planteó, en síntesis, que esa causa de acción, de proceder, sería contra el Supermercado Reparto Robles Inc.[19], el cual es una corporación con fines de lucro con personalidad jurídica distinta. Por lo tanto, faltaba parte indispensable.

Nuestro ordenamiento establece que el interés de una parte indispensable para la resolución de un pleito debe ser de tal envergadura que impida el decreto de un remedio sin que se afecte o destruya radicalmente los de la parte no acumulada. El propósito principal de la acumulación de una parte indispensable es evitar la privación de libertad o propiedad sin un debido proceso de ley. Como hemos de conocer, la falta de parte indispensable, o aquella que tiene un interés genuino en una disputa y sin la cual esta no puede ser resuelta, en un dictamen priva de autoridad a un tribunal para atender una causa de acción.

Por ende, al no poder adjudicar adecuadamente una controversia, el foro no cuenta con jurisdicción para considerarla hasta que se una al pleito a esa parte. En otras palabras, el pronunciamiento dictaminado sin una parte indispensable no es accionable; por lo tanto, es **nulo**. Entonces, como tribunal revisor, tenemos el deber de auscultar nuestra jurisdicción con primacía. Al hacerlo, notamos que la causa por enriquecimiento injusto no es accionable, debido a que no se emplazó al Supermercado Reparto Robles Inc., una corporación con personalidad jurídica distinta a la del señor Vega.

---

[19] Esta corporación era operada por el Sr. Clemente Vega Rodríguez como su Presidente y por su esposa la Sra. Ermina Dueñas, como Vicepresidenta. Que a su vez eran los administradores del Supermercado Reparto Robles Inc. Véase Sentencia Nunc Pro Tunc, determinaciones de hechos 14 y 18.

Como surge del expediente, el Supermercado fue el patrono empleador de la señora Rosario durante un tiempo. Por ello, este era el responsable de pagarle su debido salario por la faena realizada mientras esta laboró para la empresa. Así, de incumplirse con la remuneración adecuada por su trabajo, la señora Rosario debió entablar la correspondiente causa de acción contra el Supermercado.

Colegimos, entonces, que es improcedente en derecho y, por tanto, **nula** la partida por enriquecimiento injusto dispuesta por el foro primario a favor de la señora Rosario Delgado por no haberse acumulado al Supermercado, una parte indispensable para la adjudicación adecuada de esa controversia en particular.

**IV.**

En virtud de lo anterior, se *modifica parcialmente* la *Sentencia* para eliminar la partida de $25,000.00 otorgada por concepto de enriquecimiento injusto por falta de parte indispensable y, así variado, se *confirma* el dictamen aludido.

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Cintrón Cintrón disiente sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones